■ In the Matter of JONATHAN G., a Person Alleged to be a Juvenile Delinquent, Appellant. [857 NYS2d 535]—

Order of disposition, Family Court, Bronx County (Alma Cordova, J.), entered on or about September 2, 2005, which

adjudicated appellant a juvenile delinquent, upon a jury verdict, convicting him of gang assault in the first degree and criminal possession of a weapon in the fourth degree followed by an order of removal of Supreme Court, Bronx County (John A. Barone, J.), entered on or about July 25, 2005, and placed him with the Office of Children and Family Services for a period of up to 18 months, unanimously affirmed, without costs.

The jury verdict, which served as the fact-finding determination underlying Family Court's order of disposition, was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility and identification. We reject appellant's assertion, made as part of his weight of the evidence claim, that the showup identification made by one of the prosecution witnesses was unduly suggestive and therefore unreliable. We also note that Supreme Court upheld this identification procedure after a suppression hearing and appellant does not challenge that determination.

Appellant was tried in Supreme Court upon an indictment charging a combination of crimes for which he could have been criminally responsible despite his age and other crimes to which the defense of infancy applied. After the jury convicted him only of crimes in the latter category, Supreme Court transferred the case to Family Court for disposition. Family Court properly denied appellant's dismissal motion, made on the ground that he was not served with a copy of the removal order on his first post-verdict appearance. Contrary to appellant's arguments, there is nothing in Family Court Act § 311.1 (7), or any other statute, requiring service of an order of removal. Appellant's claim that he did not receive proper notice of the charges remaining against him after the Supreme Court verdict is meritless. He received such notice by way of the verdict itself, rendered in open court in his presence, and the same information was repeated in his presence following removal to Family Court. Moreover, the order of removal was actually served on him in Family Court only a few days after the initial appearance. Concur—Lippman, P.J., Gonzalez, Moskowitz and Acosta, JJ.